# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

UNITED STATES OF
AMERICA,

            Plaintiff,

    v.

YAHYA ABDULAMIR AL-
ISAWI,

            Defendant.

Case No. 17-20384
Hon. Terrence G. Berg

---

## ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS (DKT. 23) AND DISMISSING DEFENDANT'S MOTION FOR COURT AND GOVERNMENT ASSISTANCE SERVING WITNESS SUBPOENA (DKT. 28) AS MOOT

This matter is before the Court on Defendant's Motion to Suppress and for an Evidentiary Hearing (Dkt. 23) and Defendant's Motion for Court and Government Assistance Serving Witness Subpoena (Dkt. 28).

Regarding Defendant's Motion for Court and Government's Assistance Serving Subpoena, the Court held a telephonic conference with the parties on December 11, 2017, in which Defense counsel explained that it was seeking assistance in serving a subpoena on a potential witness and counsel for the United States also expressed that the government was having difficulty serving the same witness in question. The Court suggested, and counsel for the

United States agreed, to have a Special Agent for the Federal Bureau of Investigations (FBI) again try to serve the witness in question before the hearing scheduled for December 13, 2017.

Subsequently, counsel represented to the Court that both Defendant's process server and the FBI Special Agent made numerous attempts to serve the witness prior to the hearing by going to her home and attempting personal service repeatedly. Defense counsel also effected service by mail. In light of these efforts, the Court concludes that Defendant's Motion for Court and Government Assistance Serving Witness Subpoena (Dkt. 28) is moot and should be denied.

The Court held an evidentiary hearing on Defendant's Motion to Suppress (Dkt. 23) over two days, on December 13, 2017 and January 8, 2018. During those hearings: a) the Government presented five witnesses in opposition to Defendant's motion, b) Plaintiff's counsel cross-examined each witness presented by the Government, c) both parties introduced exhibits for the Court's review, and d) both parties presented arguments in support of their positions. At the conclusion of the hearing, the Court explained in detail on the record how the evidence established that entry to the home was justified either by consent,[1] or under the officers' limited authority to enter the home to execute an arrest warrant for the Defendant

---

[1] *See, e.g., United States v. Moon*, 513 F.3d 527, 537 (6th Cir. 2008) ("Indeed, an officer with consent needs neither a warrant nor probable cause to conduct a constitutional search.") (internal citations omitted).

based on a reasonable belief that he was present inside the home.[2]

Furthermore, the seizures of the evidence inside the home were justified under either the plain view[3] or protective sweep doctrines.[4]

For the reasons stated on the record, Defendant's Motion to Suppress (Dkt. 23) is therefore **DENIED**. As stated above, Defendant's Motion for Court and Government Assistance Serving Witness Subpoena (Dkt. 28) is **DENIED AS MOOT.**

**SO ORDERED.**

Dated:  January 12, 2018     s/Terrence G. Berg
                             _____
                             TERRENCE G. BERG
                             UNITED STATES DISTRICT JUDGE

### Certificate of Service

I hereby certify that this Order was electronically filed, and the parties and/or counsel of record were served on January 12, 2018.

s/A. Chubb
_____
Case Manager

---

[2] *United States v. Pruitt,* 458 F.3d 477, 482-83 (6th Cir. 2006) (citing *Payton v. New York,* 445 U.S. 573, 600, 603 (1980)).

[3] *See, e.g., U.S. v. Garcia,* 496 F.3d 495, 508 (6th Cir. 2007) (explaining the plain view doctrine to be well-established and that, in order for the doctrine to apply, "(1) the object must be in plain view; (2) the officer must be legally present in the place from which the object can be plainly seen; (3) the object's incriminating nature must be immediately apparent; and (4) the officer must have a right of access to the object.") (internal citations omitted).

[4] *Maryland v. Buie,* 494 U.S. 325, 334 (1990) (finding law enforcement is permitted to conduct a protective sweep to "look in closets and other spaces immediately adjoining the place of arrest from which an attack could be immediately launched.").